# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# PARKERSBURG

**CARL E. LOCKHART,**

      **Petitioner,**

v.

                              **Case No. 6:12-cv-04266**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 16, 2012, the respondent was ordered to file an answer or other pleading solely on the issue of timeliness of the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and the exhaustion of state court remedies, on or before September 21, 2012. (ECF No. 6.) In particular, the respondent was directed to address the petitioner's request for equitable tolling of the statute of limitations based upon his failure to be notified of the denial of his state habeas appeal. The Court directed the respondent's attention to page 14 of the petition form (ECF No. 1 at 14.), and page 1 of the typed petition document (ECF No. 1-7 at 3.) (*Id.*)

On September 20, 2012, the respondent filed his Response to the Petition for Writ of Habeas Corpus, stating his position that the petitioner's section 2254 petition was timely and that the claims therein were exhausted. (ECF No. 12.) Because the respondent's position was that the petition was timely, it appeared to the court that the respondent's counsel did not find it necessary to address the issue of equitable tolling, as ordered by the court, or simply overlooked that portion of the undersigned's August 16, 2012 Order.

On September 27, 2012, the court entered an Order detailing the court's belief that the petitioner's section 2254 petition was, in fact, untimely, and directed the respondent to file a supplemental response setting forth his position on whether and how equitable tolling should be applied in this case. (ECF No. 13.)

On October 15, 2012, the respondent filed his Supplemental Answer on the Limited Issue of Timeliness of the Petition and Equitable Tolling. (ECF No. 14.) The respondent agreed with the Magistrate Judge's assessment that the petition was untimely filed, and further asserted that equitable tolling was not warranted under the circumstances alleged by the petitioner in his petition. (*Id.*) Accordingly, the respondent requested that the petition be dismissed with prejudice as untimely filed. (*Id.* at 9.) The undersigned will construe the respondent's response brief as a motion to dismiss the petition.

On November 19, 2012, the petitioner filed a Reply, in which he again contends that the one-year statute of limitations should be equitably tolled as a result of the failure of his attorney or the state courts to notify him of the denial of his appeal. (ECF No. 15.) The arguments of the parties will be addressed in greater detail *infra*.

## ANALYSIS

### A.     The one-year statute of limitations under section 2244(d)(1).

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Although the petitioner was convicted prior to the enactment of this statute, it is applicable to his case because his judgment became final after the enactment thereof.

**B.     The petitioner's petition is untimely under section 2244(d).**

The undersigned believes that the section 2254 petition is untimely based upon the following timeline of events, as detailed in the respondent's initial and supplement answers:

On November 8, 1995, the petitioner was convicted by a jury in the Circuit Court of Wood County of one count of first degree sexual assault, one count of battery, one count of burglary, and one count of assault during the commission of a felony.  The State subsequently filed an Information under West Virginia Code § 61-11-19, alleging that the petitioner was a recidivist.  The petitioner was ultimately found to be a recidivist under the applicable statutes and, on March 1, 1996, was sentenced to life in prison on his burglary conviction coupled with the recidivist finding; no less than fifteen nor more than thirty-five years on the first degree sexual assault; no less than two nor more than ten years on the assault during the commission of a felony; and a determinative sentence of one year in the county jail on the battery.  (ECF No. 12 at 2.)

On March 31, 1997, the Supreme Court of Appeals of West Virginia (hereinafter the "SCAWV") granted the petitioner's first Petition for Appeal, and considered the following seven assignments of error:

1. The trial court failed to strike a juror who worked for the parking enforcement of a municipal police department.

2. The trial court erred by refusing to permit the defendant to present an insanity defense based upon Dissociative Identity Disorder.

3. The trial court erred by striking the testimony of Dr. Lee Neilan and instructing the jury to disregard it because her testimony was relevant to the insanity defense and would have been of assistance to the trier of fact.

4

4. The trial court erred by not granting the defendant's motion for judgment of acquittal on first degree sexual assault because there was insufficient evidence of bodily injury.

5. The trial court erred by giving the State's jury instruction on sexual assault, over the defendant's objection, and by refusing the defendant's instruction in the same, because the State's instruction did not indicate that psychological injury cannot constitute serious bodily harm.

6. The trial court erred by denying Defendant's motion for Judgment of Acquittal on the charge of assault during the commission of a felony because there was no evidence that Anne Parsons received an injury which was inflicted with a weapon other than part of the human body.

7. The trial court erred in denying Defendant's Motion to Dismiss the information because the information was not read to, nor offered to be read to, the defendant during the defendant's arraignment, as required by Rule 10 of the West Virginia Rules of Criminal Procedure, and because the information did not contain the language "against the peace and dignity of the State" as required by Rule 7(c) of the West Virginia Rules of Criminal Procedure.

The SCAWV, by published decision, denied the petitioner's appeal in part, but remanded the matter to the trial court, by order entered September 9, 1997, to allow defense counsel to make a complete evidentiary proffer of his expert's proposed testimony and evidence concerning Dissociative Identity Disorder (hereinafter "DID") and the petitioner's insanity defense. *See State v. Lockhart*, 490 S.E.2d 298, 304 (W. Va. 1997) (*per curiam*).

By order entered December 17, 1998, the trial court rejected the petitioner's evidentiary proffer and remanded the petitioner to the custody of the Department of Corrections to serve his original sentence. *State v. Lockhart*, 542 S.E.2d 443, 447-48 (W. Va. 2000). The petitioner filed a second Petition for Appeal in the SCAWV, assigning the following errors:

1. The trial court erred in not recognizing DID as a basis for an insanity defense.

2. The trial court improperly excluded the petitioner's expert testimony on his defense.

On December 1, 2000, in another published opinion, the SCAWV held that expert testimony on DID was admissible in connection with a defendant's assertion of an insanity defense under state law. *State v. Lockhart*, 542 S.E.2d at 453. However, because the petitioner's expert was unable to specify which of the several available methodologies should be used to evaluate whether DID rendered the petitioner unable to appreciate the wrongfulness of his actions, or to conform his actions to the requirements of the law, it upheld the trial court's decision to exclude the petitioner's proposed expert testimony. *Id.* at 455.

The petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court. Thus, the petitioner's judgment became final on or about March 1, 2001, after the expiration of the 90-day period in which the petitioner could have filed a Petition for a Writ of Certiorari. (ECF No. 12 at 7.)

Therefore, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run on March 2, 2001, and ran until the petitioner filed his Petition for a Writ of Habeas Corpus in the Circuit Court of Wood County on October 9, 2001. (ECF No. 12 at 8.) That action tolled the statute of limitations until October 25, 2011, when the petitioner's petition for appeal from the denial of his state habeas petition was refused.

The respondent's brief at page 8 states as follows:

> The petitioner filed a petition for a writ of habeas corpus in the state court on October 9, 2001. <u>Therefore, his one-year statute of limitations was tolled when his conviction became final.</u> Petitioner's state habeas

> clearly meets the definition of 2244(d)(2), and thus, tolled the limitations period until the appeal therefrom was refused on October 25, 2011.
>
> Because the pending post-conviction proceeding tolled 2244(d)(1)'s statute of limitations, the Petitioner's one-year period did not begin to run until October 25, 2011. Despite this inordinate delay, the Petitioner made it just under the bar. There are 291 days between October 25, 2011 and August 10, 2012 [when the petitioner filed the instant section 2254 petition.]

(ECF No. 12 at 8.)

The respondent's brief mistakenly stated that "the petitioner's statute of limitations was tolled when his conviction became final." (ECF No. 12 at 8.) As noted above, the petitioner's conviction became final on March 1, 2001. The petitioner did not file his state habeas corpus petition until October 9, 2001, 221 days later. Thus, 221 days had expired under the 365-day statute of limitations at the time the petitioner filed his state habeas petition, which tolled the statute until October 25, 2011, when the habeas appeal was refused. The statute then began to run again on October 26, 2011, and expired 144 days later on March 18, 2012. Thus the petitioner's section 2254 petition filed on August 10, 2012, was untimely.[1] Thus, the petitioner's request for equitable tolling is significant to the determination of whether this court can review the merits of the petitioner's section 2254 petition.

---

[1] The undersigned notes that the petitioner's explanation of the running of the statute of limitations on page 14 of his petition (ECF No. 1) also appears to be in error, because he used the dates of the issuance of mandates, which is not the proper date to use in such a calculation. *See* SUP. CT. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate (or its equivalent under local practice).") The petitioner's reply brief (ECF No. 15 at 2, ¶¶ 4, 5) also incorrectly asserts that he should be credited with another 90 days for the period in which a petition for a writ of certiorari could have been filed after the denial of his habeas appeal. The Supreme Court specifically excluded that time period in *Lawrence v. Florida*, 549 U.S. 327 (2007).

### C. Equitable tolling of the statute of limitations is not warranted.

In *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), the Supreme Court held that the statute of limitations in section 2244(d) is subject to equitable tolling in appropriate cases. The *Holland* Court stated that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id. (quoting Price v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. *Id.*

The Supreme Court has further held that "a garden variety claim of excusable neglect" by an attorney is insufficient to rise to the level of extraordinary circumstances necessary to justify equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Fourth Circuit has reserved equitable tolling for "'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice

8

would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)(en banc)(quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008).

> The petitioner's petition states in pertinent part:
>
> It is of note that the [SCAWV] did not provide notice of their judgment to the Petitioner and Counsel for the Petitioner also failed to inform the Petitioner of the Judgment. The Petitioner discovered his Appeal had been ruled upon when the Prison Law Library Computers were updated on 15 June 2012, two days latter [sic; later] the Petitioner checked for a case update and discovered on 17 June 2012 that his Appeal had been Ruled upon on 28 November 2011. The Petitioner could not have known any earlier than this date because the information was not on the Prison computers prior to 15 June 2012. The Petitioner should be granted Equitable Tolling for the time period between 28 November 2011 and 17 June 2012, because of the substantially egregious conduct of his Appellate Counsel and the [SCAWV], for their failure to inform the Petitioner of the final judgment in the Case.

(ECF No. 1 at 14.)

The respondent's supplemental answer (which is being treated as a motion to dismiss), cites authority from another circuit supporting his position that the petitioner is not entitled to equitable tolling because he did not diligently pursue his rights. "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas petition." *Drew v. Dept. of Corrections*, 297 F.3d 1278, 1288-89 (11th Cir. 2002); *see also Johnson v. Frazier*, Case No. CV 112-056, 2012 WL 3242054 (S.D. Ga., Aug. 7, 2012)("When a petitioner asserts that he was prevented from filing his federal petition in a timely manner because he was ignorant of the event that triggered the limitations period, the 'petitioner's efforts to learn of the disposition of pre-federal

habeas steps are crucial to determining whether equitable tolling is appropriate.'") (*quoting San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2001).

The petitioner wrote a letter to the Clerk of the SCAWV concerning the status of his habeas appeal, and the lack of communication from his counsel, Carl Bryant. (ECF No. 14, Ex. 3, at 2.) Although that correspondence is undated, the respondent also attached as an exhibit, the response from the Clerk of the SCAWV which is dated March 29, 2011. (*Id.*, Ex. 3 at 1.) That letter indicated that the appeal was pending and that further communications regarding the case should be made through the petitioner's counsel. (*Id.*) The letter further stated that Mr. Bryant would be notified of the Court's decision by copy of its order. (*Id.*) Mr. Bryant failed to notify the petitioner of the court's decision. That fact, and the fact that the SCAWV seemingly ignored the petitioner's statements that he was having trouble communicating with Mr. Bryant, serve as the basis of the petitioner's request for equitable tolling. The petitioner also attempts to construe the actions of his court-appointed counsel as actions fairly attributable to the state sufficient to warrant equitable tolling. Such a contention lacks merit. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (court-appointed counsel is not a state actor).

The petitioner's argument for equitable tolling is insufficient to alter the date upon which the one-year statute of limitations began to run, or when it expired. Despite the petitioner's assertions that Carl Bryant did not inform him of the SCAWV's decision in his habeas appeal, the petitioner has not demonstrated that he was diligent in his own attempts to determine the status of his appeal. The petitioner has not demonstrated that he attempted to contact his state habeas counsel or the SCAWV, following his single

inquiry to the Clerk of the SCAWV shortly after his habeas appeal was filed. These circumstances are insufficient to establish due diligence in support of equitable tolling.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1). The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

May 23, 2013

Dwane L. Tinsley
United States Magistrate Judge