UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CARL E. LOCKHART,**

    Petitioner,

v.                                Civil Action No.: 6:12-4266

**DAVID R. BALLARD, Warden,**
Mount Olive Correctional Complex,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 10, 2012.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who, on May 23, 2013, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

On June 11, 2013, the court received petitioner's objections. First, petitioner asserts that he was prohibited from checking on the status of his state habeas appeal under Rule 4(b) of the West Virginia Rules of Appellate Procedure. The aforementioned Rule provides as follows:

> A party to an action before this Court who is represented by counsel, and where counsel has made a filing or an appearance before this Court, may not file any pro se documents with the Court or make an oral argument before the Court, unless specifically permitted to do so by order.

W. Va. R. App. Proc. 4(b).  Inasmuch as a letter of inquiry to the Clerk of the Supreme Court of Appeals of West Virginia would not constitute an attempt to "file any pro se documents with the Court," petitioner was not prohibited from writing again at a later time to inquire respecting the appeal's status.  <u>Id.</u>  Petitioner's objection on this ground is not meritorious.

Second, petitioner asserts that he was directed by the supreme court of appeals not to inquire any further about the status of his appeal and to instead permit his counsel to do so.  The referenced letter from the supreme court of appeals provides materially as follows: "Further communications regarding your case should be through your attorney Mr. Bryant."  (Ex. 1, Objecs.).  Inasmuch as the letter did not prohibit a later status inquiry by petitioner, especially when his attorney was continually nonresponsive, it does not support his equitable tolling claim.[1]  While petitioner asserts that he tried

---

[1]   Petitioner notes that, at some unknown point, his lawyer was elected Prosecuting Attorney of Pleasants County.  He asserts a conflict of interest resulting from that election.  The assertion is not relevant to the question of whether petitioner acted seasonably in ascertaining if his state habeas appeal had been adjudicated.

frequently to contact his lawyer respecting the matter, he does not assert that he attempted a follow-up contact with the supreme court of appeals.

Having considered the objections, the court concludes that they are not meritorious. Based upon the foregoing discussion, it is ORDERED that:

1. The findings made in the PF&R of the magistrate judge be, and they hereby are, adopted by the court; and

2. The section 2254 petition, and this action, be, and they hereby are, dismissed with prejudice.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and the magistrate judge.

DATED: August 13, 2013

John T. Copenhaver, Jr.
United States District Judge